FILED

FEB 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAWAII COALITION FOR HEALTH, | No. 08-17343 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00277-JMS-BMK |
| v. | |
| STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted February 10, 2010 [**]
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON and BEA, Circuit Judges.

The Hawai'i Department of Human Services ("DHS") oversees a program

known as QUEST Expanded Access, or "QExA," which is designed to facilitate

access to health care services for Medicaid-eligible aged, blind and disabled

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("ABD") populations. Pursuant to a request for proposal ("RFP") process, DHS

contracted with two organizations, Ohana Health Plan, Inc. ("Ohana Health") and

Evercare, to provide these services.

After these contracts were awarded but before QExA had been implemented,

plaintiff Hawai'i Coalition for Health ("HCFH") filed a complaint pursuant to 42

U.S.C. § 1983 against DHS seeking to enjoin the implementation of QExA. The

complaint alleged, among other things, that i) DHS would violate 42 U.S.C.

§1396u-2(a)(2)(A) if it followed through on its plan to require special needs

children to enroll in QExA, ii) QExA would substantially impair access to services

in violation of 42 U.S.C. § 1396u-2(a)(1)(A)(ii), and iii) DHS violated 42 U.S.C. §

1396u-2(b)(5) and 42 C.F.R. 438.207 when it failed to obtain adequate assurances

that the two selected plans had the capacity to provide appropriate services. The

district court dismissed the complaint as failing to state a claim upon which relief

can be granted, FED. R. CIV. P. 12(b)(6), and, in part, as unripe, FED. R. CIV. P.

12(b)(1). We have jurisdiction over the district court's decision pursuant to 28

U.S.C. § 1291, and we affirm.[1]

_____

[1]For the purposes of this disposition, we assume without deciding that 42 U.S.C. § 1983 creates a private right of action for HCFH's claims.

2

"A dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008).

As is clear from the plain text of the statute, the statutory prohibition against mandating enrollment of special needs children in a state managed care plan, 42 U.S.C. § 1396u-2(a)(2)(A), applies only to standard state managed care plans authorized by 42 U.S.C. § 1396u-2(a)(1)(A), not to state demonstration plans like QExA, which are authorized by 42 U.S.C. § 1315. Further, DHS included requirements in the QExA RFP that satisfied DHS' statutory and regulatory obligations under 42 U.S.C. § 1396u-2(b)(5) and 42 C.F.R. § 438.207. HCFH's complaint asserts that at contract signing, "neither [Ohana Health and Evercare] had an established network of providers in the State of Hawaii." Even if so, it is the existence of assurances of future performance, and not the present status of provider networks, that is mandated by 42 U.S.C. § 1396u-2(b)(5) and 42 C.F.R. § 438.207. HCFH's complaint thus failed to state a claim under either 42 U.S.C. § 1396u-2(a)(2)(A) or § 1396u-2(b)(5) upon which relief can be granted.

"We review de novo a district court's dismissal of a complaint for lack of subject matter jurisdiction under Rule 12(b)(1). In reviewing the Rule 12(b)(1)

3

dismissal, we must accept all factual allegations in the complaint as true." *Carson Harbor Village, Ltd. v. City of Carson,* 353 F.3d 824, 826 (9th Cir. 2004) (citations omitted). In a 12(b)(1) analysis "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Assoc. of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A ripeness inquiry requires the courts to evaluate both i) "the fitness of the issues for judicial decision" and ii) "the hardship to the parties of withholding court consideration." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

A fitness evaluation turns on four elements: i) "whether the administrative action is a definitive statement of an agency's position," ii) "whether the action has a direct and immediate effect on the complaining parties," iii) "whether the action has the status of law," and iv) "whether the action requires immediate compliance with its terms." *Assoc. of Am. Med. Colls.*, 217 F.3d at 780. As to HCFH's claim under 42 U.S.C. § 1396u-2(a)(1)(A)(ii) that QExA would substantially impair access to health care services: i) DHS did not make a definitive statement that it would require ABD individuals to receive services from Evercare and Ohana Health if their programs substantially impaired access, but instead provided that

4

DHS could terminate Evercare and Ohana Health's contract if they could not comply with the RFP's provider network requirements, ii) DHS's mere decision to enter into contracts with Evercare and Ohana Health had no direct and immediate effect on ABD individuals or on HCFH, iii) DHS' decision to enter into contracts with Evercare and Ohana does not have the status of law, and iv) the contracts with Evercare and Ohana Health were signed in February 2008, but compliance with all terms of the contracts was not required until QExA commenced service much later.

When evaluating hardship to the parties, hardship "does not mean just anything that makes life harder, it means hardship of a legal kind, or something that imposes a significant practical harm upon the plaintiff," *Natural Res. Def. Council v. Abraham*, 388 F.3d 701, 706 (9th Cir. 2004), such as "requir[ing] changes in present conduct or threat of future sanctions." *Assoc. of Am. Med. Colls.*, 217 F.3d at 783. Again, DHS's mere decision to enter into contracts with Evercare and Ohana Health had no direct and immediate effect on ABD individuals or on HCFH, let alone an effect that rises to the level of legal hardship.

Because HCFH's claim under 42 U.S.C. § 1396u-2(a)(1)(A)(ii) is neither fit for judicial decision nor relates to hardship to the parties, the claim in HCFH's complaint relying on this statutory clause is not ripe for review.

**AFFIRMED.**

5